Suffolk Superior Civil #04-1989A

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

EDWARD CARTER )
Plaintiff )
)
v. )  C.A. No. 04-11404-GAO
)
MASSACHUSETTS BAY )
TRANSPORTATION AUTHORITY, )
Defendant )

"COPY"

## NOTICE OF REMOVAL
(pursuant to 28 U.S.C. §1441)

The Defendant hereby gives notice of removal, pursuant to 28 U.S.C. §1441, from the Superior Court Department of the Trial Court of Massachusetts in the action of *EDWARD CARTER v. MASSACHUSETTS BAY TRANSPORTATION AUTHORITY*, now pending in the Suffolk Superior Court, Boston, Massachusetts, as *Civil Action No. 04-1989-A*.

As grounds for this Notice of Removal, the Defendant submits the following:

1) This action is subject to removal by the Defendant because the action clearly "arises under the Constitution, treaties or laws of the United States" as required by 28 U.S.C. §1441;

2) The Plaintiff alleges that the Defendant violated the "Americans with Disabilities Act" as codified in 42 U.S.C.A §§12101-12213 (Complaint, par.16). Moreover, the case may concern an interpretation of the conditions for granting federally regulated commercial drivers license ("CDL") as defined under 49 C.F.R. 391 et seq (Complaint, Par.12);

3) This removal is being filed within thirty (30) days after service upon the Defendant;

WHEREFORE, the Defendant hereby removes this action.

Respectfully submitted
for the Defendant

Kevin S. McDermott, BBO#544513
Assistant General Counsel
M.B.T.A. Law Dept.,
Ten Park Plaza, 7th floor
Boston, MA 02116
Tel: (617) 222-4756
Email: KMcDermott@mbta.com

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand on 18 June 04

I HEREBY ATTEST AND CERTIFY ON
JUNE 22, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

MAS-20030912
guen

# Commonwealth of Massachusetts
## SUFFOLK SUPERIOR COURT
### Case Summary
### Civil Docket

06/22/2004
10:35 AM

## SUCV2004-01989
### Carter v MBTA

| | | | | | |
|---|---|---|---|---|---|
| File Date | 05/10/2004 | Status | Disposed: transferred to other court (dtrans) | | |
| Status Date | 06/22/2004 | Session | A - Civil A | | |
| Origin | 1 | Case Type | B22 - Employment Discrimination | | |
| Lead Case | | Track | F | | |
| Service | 08/08/2004 | Answer | 10/07/2004 | | |
| Rule 15 | 10/07/2004 | Discovery | 03/06/2005 | Rule12/19/20 | 10/07/2004 |
| Final PTC | 05/05/2005 | Disposition | 07/04/2005 | Rule 56 | 04/05/2005 |
| | | | | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Edward Carter
Active 05/10/2004

**Private Counsel 544817**
James F Lamond
McDonald & Associates (Alan J)
1 Gateway Center
Suite 401W
Newton, MA 02458-2806
Phone: 617-928-0080
Fax: 617-928-0081
Active 05/10/2004 Notify

**Defendant**
MBTA
Served: 05/27/2004
Served (answr pending) 06/14/2004

**Private Counsel 544513**
Kevin S McDermott
Mass Bay Transportation Authority
10 Park Plaza
7th floor Legal Department
Boston, MA 02116
Phone: 617-222-4756
Fax: 617-222-3194
Active 06/22/2004 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 05/10/2004 | 1.0 | Complaint filed with request for trial by jury |
| 05/10/2004 | | Origin 1, Type B22, Track F. |
| 05/10/2004 | 2.0 | Civil action cover sheet filed |
| 06/14/2004 | 3.0 | SERVICE RETURNED: MBTA (Defendant) by delivering in hand to Suppachai Suppapinijchai, person in charge on 5/27/04 |
| 06/21/2004 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. Massachusetts Bay Transportantion Authority U. S. Dist.#(04-11404GAO). |
| 06/22/2004 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

. HEREBY ATTEST AND CERTIFY ON
JUNE 22, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _[signature]_

ASSISTANT CLERK.

case01 238018 y y y y y

Page 1 of 1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK COUNTY                                   SUPERIOR COURT
                                                 CIVIL ACTION NO. 04-1989-A

EDWARD CARTER,

    Plaintiff

v.

MASSACHUSETTS BAY
TRANSPORTATION
AUTHORITY,

    Defendant

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

1. The plaintiff, Edward Carter, is an adult resident of Stoneham, Massachusetts.

2. The defendant Massachusetts Bay Transportation Authority ("MBTA") is a political subdivision of the Commonwealth of Massachusetts, with a principal place of business in Boston, Massachusetts.

3. The plaintiff has been employed by the defendant MBTA since 1986.

4. In or around May of 1987, while employed in the position of "track person," the plaintiff sustained a torn rotator cuff. That injury has left him with permanent physical restrictions. Among the major life activities which are substantially impaired as a result of that injury are his ability to lift.

5. In or around 1990, the plaintiff returned to work at the MBTA following a period of disability caused by his shoulder injury. He was given a

light duty assignment performing duties customarily associated with the position of "flag man." He received a lower rate of pay than that which he had received while employed as a track man.

6. At or around the time that the plaintiff was returned to work from his injury, at least five other MBTA employees who had suffered injuries were similarly returned to work and, like him, assigned to flagging duties. All had, like the plaintiff, occupied the position of track man prior to their injuries.

7. In or around 1994, the plaintiff and those other five other MBTA employees successfully challenged the MBTA's refusal to pay them at the rate of pay of track man, and the MBTA thereafter paid them at the rate of track man, although they each continued to perform flagging duties in the light-duty assignment to which they had been returned following their injuries.

8. The MBTA continued to pay the plaintiff at the rate of a track person until the events that are at issue in this case.

9. Carter and the five others have continued to date to have light duty assignments performing flagging duties. None have been told that the assignments are ever going to be discontinued. Those assignments are, effectively, "permanent light duty assignments."

10. Carter is a "qualified handicapped person" within the meaning of G.L. c. 151B, § 4(16) and applicable regulations. Notwithstanding his injury and the physical impairments resulting therefrom, he has been able to perform each of the essential functions of his job without accommodation.

11. In May 2001, the MBTA reduced Carter's weekly pay by approximately $100 per week, to that equal to the pay level of the MBTA position of "laborer", although none of his duties changed. The stated reason

2

for this pay reduction was that he did not possess a "commercial drivers' license" ("CDL").

12. The plaintiff is physically unable to obtain a CDL as a result of his injury described above.

13. The other flag persons described above have been able to obtain the CDL because their physical impairments were not the sort that would prevent them from obtaining that license, and they have retained their former level of pay. They have never, however, been required to operate any vehicles for which a CDL is required. Indeed, the plaintiff and these other permanently impaired persons have been told by the MBTA that they will never actually need to use their CDLs.

14. The plaintiff has requested the MBTA to not require that he obtain a "CDL" as a precondition to retaining his former level of pay. This request constitutes a request for a reasonable accommodation. The MBTA has refused this request.

15. Driving the sort of vehicles for which a CDL is required is not one of the essential function of the job that the plaintiff has held since his return to work in 1990. In fact, since his return to work in 1990, he has never been called on to drive any type of vehicle. Therefore, granting the plaintiff his requested accommodation – relief from the requirement that he obtain the CDL – would not have caused any hardship to the MBTA.

16. By refusing the plaintiff's request that he not have to obtain a DCDL as a condition of retaining his former level of pay, and by reducing his pay, the MBTA has breached its duty to afford him a reasonable

accommodation, in violation of M.G.L. c. 151B and the Americans with Disabilities Act.

17. Since his pay reduction, Carter continues to perform the same flagging duties he has been performing since his return to work in 1990. He performs the same duties as the other five, mentioned above, who obtained their CDL and continue to be paid as track persons.

18. In addition to the loss of weekly pay, the plaintiff has sustained emotional distress as a direct and proximate result of the defendant's refusal to grant his requested accommodation and the resulting loss of pay.

19. The plaintiff filed a timely charge of discrimination with the Massachusetts Commission Against Discrimination and has subsequently obtained permission from the MCAD to proceed with this matter in Superior Court. He has therefore exhausted his administrative remedies.

**WHEREFORE**, the plaintiff prays that this Court, after a trial by jury,

a) afford him monetary damages according to his proofs,

b) order the defendant to restore his rate of pay to that of the position of track man,

c) require the defendant to reimburse him for his reasonable attorneys' fees and costs, and

    d)    order such other relief as it deems just.

I HEREBY ATTEST AND CERTIFY ON
JUNE 22, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

For the plaintiff,

Edward Carter,

By his attorneys,

_____
Alan J. McDonald, BBO# 330960
James F. Lamond, BBO#. 544871
McDonald & Associates
Cordaville Office Center
153 Cordaville Road, Suite 210
Southborough, MA 01772
508-485-6600

Dated: May 5, 2004