UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUL -7 A 11: 41

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| EDWARD CARTER<br>Plaintiff<br><br>v.<br><br>MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY,<br>Defendant | C.A. No. 04-11404-GAO |

## ANSWER OF MASSACHUSETTS BAY TRANSPORTATION AUTHORITY

Now comes the Defendant, Massachusetts Bay Transportation Authority (hereinafter "MBTA"), and answers the allegations of the Complaint as follows:

1) The Defendant admits the allegation contained in Paragraph 1.

2) The Defendant admits that it has a principal place of business in Boston, MA. The remaining allegations assert conclusions of law for which no response is required. In further answering, the MBTA is an entity created by statute as defined in M.G.L., c.161A §1 et seq.

3) The Defendant admits the allegations contained in Paragraph 3.

4) The Defendant lacks information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 4.

5) The Defendant lacks information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 5.

6) The Defendant lacks information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 6.

7) The Defendant lacks information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 7.

8) The Defendant lacks information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 8.

9) The Defendant lacks information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 9.

10) Paragraph 10 contains conclusions of law for which no response is required. To the extent that Paragraph 10 is constructed to allege facts, the same are denied.

11) The Defendant admits the allegations contained in Paragraph 11.

12) The Defendant is without information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 12.

13) The Defendant is without information sufficient to form a belief regarding the truth of the allegations contained in the first two sentences of Paragraph 13. The Defendant denies the remaining allegations contained in Paragraph 13.

14) The Defendant denies that the Plaintiff made a reasonable request for an accommodation. The Plaintiff has requested that he be exempt from the "CDL" requirement. The Defendant has informed the Plaintiff to simply apply for a "CDL" with or without reasonable accommodation or to engage in an interactive process with the Defendant before the Defendant will act on his request.

15) The Defendant denies the allegations contained in Paragraph 15.

16) The Defendant denies the allegations contained in Paragraph 16.

17) The Defendant is without information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 17.

18) The Defendant denies the allegations contained in Paragraph 18.

19) Paragraph 19 contains conclusions of law for which no response is required.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim upon which relief can be appointed.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff has no standing to bring his claim because he refuses to engage in an interactive process.

## THIRD AFFIRMATIVE DEFENSE

The action is not ripe for adjudication because the Plaintiff refuses to engage in an interactive process.

## FOURTH AFFIRMATIVE DEFENSE

This action is barred by the statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Any injury or damage to the Plaintiff was caused in whole or in part by the acts, or the failure to act, of the Plaintiff.

## JURY DEMAND

The Defendant demands a trial by jury on all claims.

Respectfully submitted
for the Defendant

Kevin S. McDermott, BBO#544513
Assistant General Counsel
M.B.T.A. Law Dept.,
Ten Park Plaza, Suite 7760
Boston, MA 02116
Tel: (617) 222-4756
Email:KMcDermott@mbta.com

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail hand on 7 July 04